

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:24-cr-00145 |
| v. | ) | |
| | ) | |
| MARI ALEXANDER | ) | 26 U.S.C. § 7202 |

# INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

At times material to this Information:

## INTRODUCTION

1. Defendant **MARI ALEXANDER** resided within the Middle District of Tennessee and the Western District of North Carolina.

2. From at least 2011 until 2023, **MARI ALEXANDER** was the owner and president of Ross Behavioral Group ("Ross Behavioral"), a mental health counseling center. Ross Behavioral operated from multiple locations in the Middle District of Tennessee, including Hendersonville, Clarksville, and Nashville, Tennessee.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

4. The Federal Insurance Contribution Act ("FICA") required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers, who held these taxes in trust for the United States, were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes are referred to as "trust fund taxes."

An individual with the obligation to collect, account for, and pay over withheld trust fund taxes to the IRS is called a "responsible person."

5. FICA separately required employers to make contributions for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. The employers were also required to pay these employer contribution amounts over to the IRS. These employer contributions and the trust fund taxes are collectively referred to as "employment taxes."

6. For employers whose annual liability for employment taxes was greater than $1,000, "responsible persons" were required to report the employment taxes due for the employer on a Form 941, Employer's Quarterly Federal Tax Return ("Form 941"), on a quarterly basis. The Form 941 was due at the end of the month following the end of each calendar quarter and reported the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of employment taxes due, and the total tax deposits the employer made with the IRS.

## COUNT ONE

7. Paragraphs 1 through 6 of this Information are realleged and incorporated by reference as though fully set forth herein.

8. From at least 2015 through 2021, **MARI ALEXANDER** controlled Ross Behavioral's financial affairs by, among other acts, approving payments, approving payroll, signing checks, controlling bank accounts, and maintaining signature authority on those bank accounts. Thus, **MARI ALEXANDER** was a "responsible person," that is, she had the responsibility to collect, truthfully account for on Forms 941, and pay over to the IRS on behalf of Ross Behavioral the trust fund taxes collected from its employees.

9.      From at least 2015 through 2020, **MARI ALEXANDER** withheld trust fund taxes from the pay of Ross Behavioral's employees and failed to fully pay those withheld trust fund taxes over to the IRS. Except for two employment tax quarters during this time, **MARI ALEXANDER** also failed to file Forms 941 reporting to the IRS the amount of withheld trust fund taxes that Ross Behavioral owed.

10.     Each year, from at least 2015 through 2021, **MARI ALEXANDER** issued Forms W-2, Wage and Tax Statements, to Ross Behavioral's employees, which reported the trust fund taxes that Ross Behavioral withheld from its employees' paychecks, falsely implying that the withheld trust fund taxes were remitted to the IRS.

11.     Beginning in or about October 2018 and continuing through in or about January 2021, the IRS made efforts to assess and collect Ross Behavioral's unpaid employment taxes. On multiple occasions, the IRS notified **MARI ALEXANDER** of Ross Behavioral's unpaid employment tax liabilities and discussed these liabilities with her and her representatives. Despite these communications, **MARI ALEXANDER** did not file any of the outstanding Forms 941 and did not pay the unpaid employment taxes to the IRS.

12.     For the quarters during tax years 2015 through 2020, **MARI ALEXANDER** failed to pay over to the IRS more than $1 million of Ross Behavioral's employment taxes.

13. On or about January 31, 2021, in the Middle District of Tennessee, and elsewhere, defendant **MARI ALEXANDER**, a person required to collect, account for, and pay over the trust fund taxes of Ross Behavioral's employees to the IRS, did willfully fail to truthfully account for and pay over to the IRS the trust fund taxes due and owing to the IRS on behalf of Ross Behavioral's employees for the quarter ending December 31, 2020.

In violation of Title 26, United States Code, Section 7202.

THOMAS J. JAWORSKI
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY
CONFERRED BY 28 U.S.C. § 515

*[signature]*

MITCHELL T. GALLOWAY
ASSISTANT UNITED STATES
ATTORNEY

DAVID A. HUBBERT
DEPUTY ASSISTANT ATTORNEY
GENERAL
TAX DIVISION

*[signature]*

ASHLEY J. STEIN       by MTG
TRIAL ATTORNEY